UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

Miriam KAWACHE, an infant by her
Parents and natural guardians, Serena
Kawache and Adam Kawache,
                Plaintiff,

-against-

UNITED STATES OF AMERICA[1],

                Defendant.

------------------------------------------------------X

ANSWER

No. 08-CV-3128(ILG)(SMG)

Gleeson, J.
Gold, M.J.

      Defendant the UNITED STATES OF AMERICA, through its undersigned attorneys, BENTON J. CAMPBELL, United States Attorney for the Eastern District of New York, and Tiana A. Demas, Assistant United States Attorney, upon information and belief, hereby answers and avers in response to the allegations and averments contained in the correspondingly numbered and unnumbered paragraphs of plaintiff's Complaint, as follows:

      1.    Paragraph 1 of the Complaint sets forth a characterization of the basis for this suit, rather than an averment of fact, and accordingly no response is required. To the extent that this paragraph may be read to contain factual allegations requiring a response, such allegations are denied.

      2.    Admitted.

---

[1] Lutheran Medical Center ("Lutheran") has been deemed by the United States Department of Health & Human Services ("HHS") to be a federal entity under the Federally Supported Community Health Centers Assistance Act ("FSCHCA"), 42 U.S.C. §§ 233 et seq., only in so far as it operates the Sunset Park Family Health Center ("Sunset Park"). Dr. Ahmad Jaber is an employee of Sunset Park and is deemed a federal employee for purposes of FSCHCA when performing medical services within the scope of his employment at Sunset Park. Therefore, defendant United States of America has been substituted as the defendant party for Lutheran Medical Center only insofar as it operates Sunset Park and Dr. Jaber pursuant to 28 U.S.C. § 2679(d)(1).

3. Denied.

4. Denied.

5. Paragraph 5 of the Complaint sets forth statements of law, rather than averments of fact, and accordingly no response is required. To the extent that this paragraph may be read to contain factual allegations requiring a response, such allegations are denied, except to the extent set forth in footnote 1, supra.

6. Denied.

The unnumbered "WHEREFORE" paragraph constitutes a prayer for relief, to which no response is required; to the extent this paragraph can be read to assert factual allegations, all such factual allegations are denied.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction in any amount greater than the amount of plaintiff's administrative claim. Pursuant to 28 U.S.C. § 2675(b), plaintiff's recovery, if any, is limited to claims and damages set forth in the administrative claim.

### SECOND AFFIRMATIVE DEFENSE

Damages to plaintiff, if any, were sustained without any negligence or fault or want of care on the part of defendant.

### THIRD AFFIRMATIVE DEFENSE

If damages were sustained by the plaintiff at the time and at the time and place and in the manner alleged in the Complaint, such damages are attributable, in whole or in part, to the actions of person(s) other than the defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not breach any duty owed to plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Defendant was not the cause-in-fact or the proximate cause of any damages sustained by plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not receive interest in this action, pursuant to 28 U.S.C. § 2674.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial in this action, pursuant to 28 U.S.C. § 2402.

## EIGHTH AFFIRMATIVE DEFENSE

In the event a judgment is recovered herein against defendant, said judgment must be reduced, pursuant to CPLR § 4545(c), and any other applicable New York State law, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source, including but not limited to insurance, Social Security, Workers Compensation, or employee benefit programs.

WHEREFORE, Defendant requests judgment dismissing the Complaint in its entirety, together with the costs, fees and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
September 29, 2008

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: /s/ {FILED ELECTRONICALLY}
TIANA A. DEMAS (TD 8989)
Assistant United States Attorney
Eastern District of New York
(718) 254-6116
tiana.demas@usdoj.gov

## CERTIFICATE OF SERVICE

I, Tiana A. Demas, Assistant United States Attorney, hereby certify under penalty of perjury that on this 29th day of September, 2008, I did cause a true and correct copy of the above and foregoing instrument, Defendant's Answer to Complaint, to be served by Electronic Case Filing on the following person, who has entered his appearance as counsel of record for the plaintiff in this action:

> Stanley M. Landers, Esq.
> Landers & Cernigliaro, P.C.
> One Old Country Road, Suite 400
> Carle Place, New York 11514

By: /s/ {FILED ELECTRONICALLY}
TIANA A. DEMAS (TD 8989)
Assistant United States Attorney
Eastern District of New York
(718) 254-6116
tiana.demas@usdoj.gov